

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2002

# Bordeaux v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4172

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Bordeaux v. Comm Social Security" (2002). *2002 Decisions.* Paper 512.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/512

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4172

_____

SHARON BORDEAUX, Appellant

v.

JoAnne B. Barnhart, COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 00-cv-00053)
District Judge: Honorable Robert J. Cindrich

_____

Submitted Under Third Circuit LAR 34.1(a)
July 29, 2002
Before: BECKER, Chief Judge, ROTH and RENDELL,
Circuit Judges.

(Filed    August 16, 2002)

_____

OPINION

_____

BECKER, Chief Judge.

Plaintiff Sharon Bordeaux appeals from an order of the District Court for the Western District of Pennsylvania affirming the decision of the Commissioner of Social Security denying her claim for supplemental security income (SSI). The record is extensive, but the parties are fully familiar with it and with the various legal contentions advanced on appeal, hence we limit our discussion to our ratio decidendi.

It is not disputed that Bordeaux suffers from a number of ailments including diabetes, osteoarthritis, discogenic disease, and depression. However, the ALJ found that, notwithstanding diabetes and musculoskeletal impairments, Bordeaux was capable of performing a limited range of unskilled sedentary work in jobs that existed in significant numbers in the national economy. The ALJ also found that Bordeaux's depression was not severe because it did not significantly limit her capacity to perform basic work activities, and because it did not satisfy the durational requirement of the Act. We agree with the District Court that these determinations are supported by substantial evidence. Bordeaux's diabetes is controlled with medication. Her musculoskeletal impairments are not marked in their effect, and the reports of the mental health professionals were consistent with a mental and emotional state that would permit her to relate to others and perform work in the national economy. Bordeaux's depression does not meet or equal the requirements of Section 12.04 of the Listing of Impairments because her depression was not severe, and she did not meet the 12 month durational requirement. It also does not appear that Bordeaux's condition interfered with her ability to engage in the activities of daily living.

Bordeaux strongly presses the alleged flaws in the ALJ's rejection of the functional capacity assessment of her long-time treating physician Dr. Edward James, which, if credited, would have rendered her disabled. We have read Dr. James' many reports and agree with the ALJ and the District Court that this one assessment is totally inconsistent with his observations in his many other visits, and his clinical findings. Accordingly, the ALJ was entitled to reject Dr. James' assessment.

Finally, we conclude that the vocational expert's opinion was a proper basis for the ALJ's conclusion as to the type of work that plaintiff could perform.  Bordeaux remonstrates that:

> Whether or not the jobs identified by the vocational expert were the same as the particular jobs in the DOT to which Bordeaux refers in her brief, the ALJ's determination of her RFC assessment eliminates the jobs that were identified at the time of the hearing.

We find this position without merit, for the vocational expert identified unskilled, sedentary jobs existing in significant numbers in the national and regional economies which accommodated the specific limitations the ALJ identified. here.

The Judgment of the District Court will be affirmed.

_____

TO THE CLERK:

Please file the foregoing Opinion.

BY THE COURT:


/s/ Edward R. Becker
Chief Judge